IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-453 |
| | § | C.A. No. 07-310 |
| MAGDALENO ELIAS-SANCHEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Magdaleno Elias-Sanchez's ("Elias-Sanchez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 27),[1] which was received by the Clerk on July 12, 2007. The Court concludes that it is not necessary to order a government response because "it plainly appears from motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Specifically, Elias-Sanchez's motion is subject to dismissal because he waived his right to file the claims he raises therein. Cf. United States v. Del Toro-Alejandre, __ F.3d __, 2007 WL 1739667 (5th Cir. June 18, 2007) (holding that district court's *sua sponte* dismissal of § 2255 motion prior to ordering a government on the basis of a waiver in the plea agreement was proper). Furthermore, even if the claims were properly before the Court, they fail on their merits.

For these reasons, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Elias-Sanchez a Certificate of Appealability.

---

[1] Docket entry references are to the criminal case.

1

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On June 21, 2006, Elias-Sanchez was one of fifteen undocumented aliens encountered by Texas Department of Public Safety officers on Highway 281, near Ben Bolt, Texas. The defendant was being transported in a 2003 Ford truck operated by Cesar Alberto Reyna-Ramirez. Border Patrol agents were contacted and arrived to perform immigration inspections. Elias-Sanchez admitted that he was a citizen of Mexico and was illegally present in the United States. He explained that he last entered the United States on June 20, 2006, by wading the Rio Grande River near Laredo, Texas. He planned to travel to Dallas and to reside with a friend and seek employment. A subsequent record check reflected that, on November 9, 1998, Elias-Sanchez was deported after his release from the Bureau of Prisons, subsequent to a felony conviction for possession with intent to distribute 78.9 kilograms of marijuana. (Presentence Investigation Report ("PSR") at ¶¶ 4-6.)

On June 28, 2006, Elias-Sanchez was charged in a single-count indictment with knowingly and unlawfully being present in the United States, after having previously been denied admission, excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 8.) On August 16, 2006, he pleaded guilty to the indictment pursuant to a written plea agreement. (D.E. 15, 16.) In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that Elias-Sanchez receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the applicable guideline range. (D.E. 16 at ¶¶ 1-2.)

The plea agreement contained a voluntary waiver of Elias-Sanchez's right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that Title 18 U.S.C. §3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. §2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 16 at ¶ 7 (emphasis in original).) The agreement was signed by both Elias-Sanchez and his counsel. (D.E. 16 at 5.)

The Court questioned Elias-Sanchez under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to collaterally attack his conviction and sentence. According to the electronic recording of the rearraignment, after informing him regarding the waiver of his appellate rights, the Court also ensured that Elias-Sanchez understood he was waiving his right to file a § 2255 motion:

> THE COURT: And the other right that you're giving up that's independent of the right to appeal in this plea agreement is the right to file a post-conviction remedy, wherein you could ordinarily have attempted to set aside your conviction and/or your sentence, by challenging such matters as constitutionality, jurisdiction, or ineffective assistance of counsel. But if you go forward with this plea agreement, you give up that right forever in this case. Do you understand that? ... Mr. Elias?
>
> THE DEFENDANT: Yes.

(Digital Recording of August 16, 2006 Rearraignment ("R. Rec.") at 9:20:04-9:20-45.) After the prosecutor had summarized the agreement, including a reference to the waiver provision, Elias-Sanchez testified that the agreement was his, that it was his entire agreement, and that he understood it. (R. Rec. at 9:23.) He further testified that there were no other promises or agreements made to him

3

other than what was in the agreement. He specifically testified that no one had promised him leniency, or that he would get a motion for downward departure in return for the plea. (R. Rec. at 9:23-9:24.) He identified the physical document as his agreement, testified that it was his signature on the last page, and also testified that it was read to him completely in Spanish before he signed it, and that he had discussed it completely with his attorney before he signed it. (R. Rec. at 9:42.)

It is clear from the foregoing that Elias-Sanchez's waiver of his § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea). His testimony establishes that he had read and understood his plea agreement, that his decision to plead guilty was not induced by any promises outside of the agreement, and that he specifically understood the waiver provision.

The Court sentenced Elias-Sanchez on November 3, 2006 to 41 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and also imposed a $100 special assessment. (D.E. 23, 24.) Judgment of conviction and sentence was entered November 13, 2006. (D.E. 24.) Consistent with his waiver of appellate rights, Elias-Sanchez did not appeal.

The Clerk received the instant § 2255 motion from him on July 12, 2007. (D.E. 27.) It is timely.

### III. MOVANT'S ALLEGATIONS

In his § 2255 motion, Elias-Sanchez lists three grounds for relief, and all three are closely related. In the first, he claims that he was deprived of effective assistance of counsel. Although Elias-Sanchez claims that his counsel rendered ineffective assistance "on all stages of the proceedings," the only specific argument he offers in support of his claim is that his attorney was deficient at sentencing because he failed to ask for a downward departure from the sentencing guidelines on the grounds that Elias-Sanchez was a deportable alien. (D.E. 27 at 3.)

Elias-Sanchez's second claim is that his counsel was constitutionally ineffective because he failed to make an argument based on United States v. Booker, 543 U.S. 220 (2005) at sentencing. It is not clear what precise argument Elias-Sanchez believes should have been made on his behalf, although he appears to be contending that his counsel should have argued that "the nature and circumstances of the offense and the history and characteristics of the defendant" and, in particular, his status as a deportable alien, warranted a downward departure. (D.E. 27 at 3-4.)

Elias-Sanchez's third claim is that the Court erred in not considering his status as a deportable alien as grounds for a downward departure at sentencing. (D.E. 27 at 4-5.) He claims that his status as a deportable alien makes him ineligible for home detention, community confinement, work release, or an assignment to a minimum security prison. He further argues that this harsh result is an "unreasonably harsh" sentence and thus violates 18 U.S.C. § 3553(a). (D.E. 27 at 4-7.) Cf. 18 U.S.C. § 3553(a) (requiring that a sentencing court formulate a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.").

## IV.  DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.      Waiver of § 2255 Rights**

The Court need not address whether Elias-Sanchez has procedurally defaulted his claims by failing to appeal. Rather, the Court concludes that Elias-Sanchez's motion fails in its entirety because he waived his right to file the claims in his § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). Nowhere in his motion does Elias-Sanchez challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). Instead, his claims allege errors by his counsel and the Court at sentencing. Thus, his claims fall within the scope of his waiver, and are subject to it.

Moreover, the record is plain that his waiver was knowing and voluntary, and therefore enforceable. It is clear from the rearraignment recording that Elias-Sanchez understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required. See supra at 3-4; see Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Elias-Sanchez's statements under oath are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Here, those statements show that Elias-Sanchez voluntarily and knowingly waived his § 2255 rights.

In sum, the Court concludes that Elias-Sanchez's waiver of his right to file a § 2255 motion is valid and enforceable. His motion is not properly before the Court and is therefore DISMISSED.

**C.     Merits Of Elias-Sanchez's Claims**

Even if they were properly before the Court, moreover, Elias-Sanchez's claims fail on their merits. All of his claims are premised on his belief that he should have received a downward departure because of his status as a deportable alien. As discussed below, however, the Court did not err in not granting a downward departure on this basis. Similarly, even if Elias-Sanchez's counsel had asked for that relief at sentencing,[2] it would not have been granted. Thus, Elias-Sanchez cannot show prejudice and his ineffective assistance claims fail. United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001) (to prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was *both* deficient and prejudicial); United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004) (to show prejudice as a result of counsel's alleged errors at sentencing, § 2255 movant must show a reasonable probability that, absent counsel's errors, he would have received a lesser sentence).

Notably, the sentencing guidelines provide that a downward departure on the ground that the defendant is a deportable alien, while permissible, would be proper only in the extraordinary case, and such cases are considered "highly infrequent." See United States v. Garay, 235 F.3d 230, 232-33 & n.8 (5th Cir. 2000); United States v. Foote, 2001 WL 671465, *3-*4 (N.D. Tex. 2001) (rejecting argument by § 2255 movant that his counsel should have moved for downward departure); cf. United States v. Maldonado, 242 F.3d 1, 4-5 (1st Cir. 2001) ("a deportable alien who commits a crime is still within the 'heartland' of the guidelines"; "the common facts of a long sentence and likely deportation" do not by themselves make a case extraordinary such as to warrant a downward departure).

---

[2] Elias-Sanchez has not shown that his counsel was deficient for failing to ask for such a downward departure. The PSR in the case and, indeed, the crime with which he was charged, made clear that Elias-Sanchez was a deportable alien. The Court was well aware of the fact and was also well aware of its ability to impose a sentence outside the advisory guideline range.

7

Based on the foregoing, all of Elias-Sanchez's claims also fail on their merits. Accordingly, even if his motion were properly before the Court, it would be denied on its merits.

### D.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Elias-Sanchez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the

denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Elias-Sanchez's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the Court's conclusion that Elias-Sanchez's claims are barred by his waiver, the Court finds that Elias-Sanchez cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find debatable this Court's ruling that Elias-Sanchez's waiver bars his claims. Accordingly, Elias-Sanchez is not entitled to a COA.

## V.  CONCLUSION

For the above-stated reasons, Elias-Sanchez's motion under 28 U.S.C. § 2255 (D.E. 27) is DISMISSED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 30th day of July, 2007.

_____
Janis Graham Jack
United States District Judge